BYERS *v.* ANDERSON.

1. LANDLORD AND TENANT — POSSESSION OF TENANT — ENTRY BY THIRD PERSON.

> A former tenant of a farm, who claims rights in a crop of grass growing thereon, has no right to enter and forcibly obstruct the cutting of the same by the tenant who is in possession by authority of the owner of the land. Section 11153, 3 Comp. Laws.

2. EVIDENCE—DAMAGES—COST OF REPAIRS—HEARSAY.

> In an action for injuries to a mowing machine, plaintiff, who has not had the machine repaired, cannot testify to what some one told him it would cost to have it done.

Error to Wexford; Chittenden, J. Submitted January 4, 1906. (Docket No. 9.) Decided March 5, 1906.

Trespass vi et armis by Samuel Byers against Lester Anderson. There was judgment for plaintiff, and defendant brings error. Reversed.

*John W. Patchin,* for appellant.

*Gaffney & Pease,* for appellee.

MOORE, J. John Anderson, the father of defendant, was the owner of a farm which, prior to the occurrences out of which this lawsuit grew, was leased by him to his son, the defendant in this case. Afterwards the land passed into the possession of the father; the defendant claiming, however, the right to enter thereupon and cut a field of grass which he had seeded when he was in possession of the farm. After Lester Anderson left the place John Anderson rented it to the plaintiff, who, with his family, moved into the residence which was upon the farm, and, with John Anderson, was in the possession of the entire place. A difference of opinion exists as to what

their respective rights were therein, but they both agreed at the time that Lester Anderson had no rights there. The plaintiff, with the consent and under the authority of John Anderson, began to cut the field of grass before noon on or about the 30th of June. The defendant came to where he was at work and forbid his cutting the grass. While plaintiff was gone to dinner, the defendant secured five spikes and a cant hook, and without the knowledge of the plaintiff stuck the spikes in the grass where the machine would be obliged to go if plaintiff mowed the field; and when the plaintiff returned and began his work the cant hook was put in front of the cutter bar of the machine in such a way that the knives struck the cant hook.

It is the claim of defendant that he stood before the machine and that it was driven down upon him and upon the cant hook. It is the claim of the plaintiff that defendant came up back of the cutter bar and thrust the cant hook over the cutter bar in such a way that the knives would strike it. The cutter bar also struck the spikes that were concealed in the grass, and it is the claim of plaintiff that two of them were cut in two and the result was to greatly injure the machine. It was for that injury this suit is brought. The circuit judge instructed the jury that, if they found the machine was damaged, plaintiff was entitled to recover for whatever damage was done. The case is brought here by writ of error.

Two errors are assigned which are very strongly urged. Defendant sought to show under what arrangement he seeded the field, and what rights he had therein. He was not allowed to put in this testimony, and claims this was error. There is no dispute between the parties but that the father of the defendant and his tenant, the plaintiff in this case, were in the actual possession of the farm, and that plaintiff was doing what he did under the authority of the owner of the farm. This being so, notwithstanding the defendant claimed the right to cut the grass when his right was disputed by those who were in possession, he had no right to enter upon the field and commit the acts

which he admits he committed. See 3 Comp. Laws, § 11153, and the cases cited in the note.

The other assignment of error which is urged is that the court improperly allowed the plaintiff to testify what it would cost to repair the machine. The testimony discloses that plaintiff continued to run the machine during the haying season, and that it had not been repaired at the time of the trial. It is the claim of the plaintiff the machine was seriously injured. It is the claim of defendant that the damages were only nominal, and he introduced testimony tending to substantiate his claim. Plaintiff was allowed to testify that one Connine told him that it would cost $25 to get the machine fixed. Upon the cross-examination he stated that he did not know of his own knowledge what it would cost, and that he only knew from what he had been told. A motion was then made to strike out his testimony in relation to what it would cost to repair the machine, which motion was overruled. We think this was error, as it appeared by the testimony of the witness that he was not competent to speak upon personal knowledge of what the expense would be, and only knew from what he had been told. The testimony was hearsay.

For this reason, the judgment is reversed, and a new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.